I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:     DATE:     DEPUTY CLERK:
Petitioner on 03-10-15 by TS



FILED
CLERK, U.S. DISTRICT COURT
March 10, 2015
CENTRAL DISTRICT OF CALIFORNIA
BY: TS DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KENNETH LEE WILLMAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | No. ED CV 15-00374-JGB (DFM)<br><br>ORDER TO SHOW CAUSE |

On March 2, 2015, Petitioner Kenneth Willman filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in this Court. From the face of the Petition, it appears that Petitioner pleaded guilty in the San Bernardino County Superior Court to five counts of committing a forcible lewd act upon a child and one count of sodomy by use of force. Petition at 21.[1] On August 3, 2011, Petitioner was sentenced to 42 years in state prison. Id. at 2.

---

[1] All citations to the Petition are to the CM/ECF pagination.

### A. The Petition Is Facially Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file an appeal. See Petition at 3. Because Petitioner did not appeal the judgment, his conviction became final 60 days after sentencing on October 2, 2011. See Cal. R. Ct. 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Petitioner then had one year from the date his judgment became final on October 2, 2011, or until October 2, 2012, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until March 2, 2015, more than two years too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the Petition that Petitioner was aware of the factual predicate of all his claims at

the time of his guilty plea in 2010 and sentencing in 2011. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

**B.  It Does Not Appear that Petitioner Is Entitled to Any Statutory or Equitable Tolling Which Would Make the Petition Timely**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. Id.

As noted above, Petitioner's conviction became final on October 2, 2011, giving him until October 2, 2012 to file a timely petition in this Court. Petitioner did not file his first state habeas petition in the San Bernardino County Superior Court until July 31, 2014. See Petition at 4. Petitioner is therefore not entitled to statutory tolling for any of his state habeas petitions because they were all filed after the one-year limitations period had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that section 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The Supreme Court has held that AEDPA's one-year limitation period is also subject to equitable tolling in appropriate cases. See Holland v. Florida,

560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege that any circumstances exist which would establish a right to equitable tolling.

**C.   Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before April 10, 2015, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated: March 10, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge